Gay Woodhouse, #5-1580
Christopher M. Brennan, #7-5529
WOODHOUSE RODEN NETHERCOTT, LLC
1912 Capitol Avenue, Suite 500
Cheyenne, WY 82001
(307) 432-9399
*Attorneys for Plaintiff*

FILED
U.S. DISTRICT COURT
DISTRICT OF WYOMING

2020 FEB 25 PM 4: 07

MARGARET BOTKINS, CLERK
CHEYENNE

# UNITED STATES DISTRICT COURT
# DISTRICT OF WYOMING

| | |
|---|---|
| PEYSON TRANSPORT, LLC, a Florida Limited Liability Company, | ) ) ) |
| Plaintiff, | ) ) ) |
| vs. | ) Civil Action No. 20cv33-S ) |
| B&M SAND AND GRAVEL, INC., a Wyoming Corporation | ) ) ) ) |
| Defendant. | ) |

## COMPLAINT

**COMES NOW,** Peyson Transport, LLC, a Florida Limited Liability Company, by and through its undersigned attorneys, Gay Woodhouse and Christopher M. Brennan of Woodhouse Roden Nethercott, LLC, and for its *Complaint*, hereby states and alleges as follows:

### INTRODUCTION

1. This is a civil action brought against B&M Sand and Gravel, Inc. for breach of contract. B&M Sand and Gravel, Inc. and Peyson Transport, LLC agreed to a contract whereby Peyson Transport, LLC would find and supply semi-trucks for B&M Sand and Gravel, Inc. After months of work, B&M Sand and Gravel, Inc. failed to pay for the services provided, which now total over $600,000.00.

## JURISDICTION AND VENUE

2. Plaintiff, Peyson Transport, LLC is a Florida Limited Liability Company with its principal office located at 300 10th Street, Suite 200, Lake Park, Florida 33403.

3. Defendant B&M Sand and Gravel, Inc. is a Wyoming Corporation, with its principal office located at 81 Overhil Trail, Douglas, Wyoming 82633.

4. Jurisdiction is proper in this Court pursuant to 28 U.S.C. § 1332 as the parties are citizens of different states and the amount in controversy exceeds $75,000.00.

5. Venue is proper pursuant to 28 U.S.C. § 1391 as the defendant resides in the District of Wyoming and a substantial part of the events or omissions giving rise to the claim occurred in the District of Wyoming.

## FACTS COMMON TO ALL COUNTS

6. Plaintiff re-states and re-alleges all preceding paragraphs as if fully set forth herein.

7. Peyson Transport, LLC (hereinafter "Peyson") is a broker for companies looking to obtain semi-trucks for various hauling projects. Peyson connects businesses seeking semi-truck services with semi-truck companies.

8. B&M Sand and Gravel, Inc. (hereinafter "B&M") provides various types of sand and gravel product to companies. B&M would also require cuttings from jobsites to be hauled back to their rock pit site.

9. Upon information and belief, B&M had agreements with various oil and gas companies and construction companies to provide sand and gravel product to drill sites.

10. B&M required a method to move sand and gravel from their location to these various oil and gas company drill sites as well as construction sites. B&M also required a method of taking cuttings from these sites to B&M.

11. On or about May 13, 2019, Gordon Buchanan, an employee of B&M reached out to Peyson to secure Peyson's services to broker transport semi-trucks to deliver the products to the drill sites.

12. Beginning on July 5, 2019, Peyson and B&M entered into a "Continuing Subcontract Agreement," the intent of which was "to provide a mechanism of affording a simple and effective means of awarding multiple projects to the Subcontractor without the need for individual subcontracts for every project."

13. Individual projects were set forth in a "work order."

14. Peyson would provide trucks per every work order and would bill according to the work order, which would set forth either hourly billing or tonnage.

15. Peyson hired Trevor Locke, the son of Mary Locke and Brad Locke who are owners of B&M, as a contact point for B&M to get its required trucks.

16. Peyson and Trevor Locke entered into a non-compete agreement, which included a non-compete provision and non-solicitation provisions for employees and customers, which would include B&M.

17. B&M would contact Trevor Locke and Thomas Hall to inform them how many trucks were needed and where and Trevor and Thomas would direct the trucks to the locations.

18. Peyson sent weekly invoices to B&M for the trucks it engaged to transport the materials to the drill sites.

19. Throughout the course of the business relationship, B&M proved to be difficult to work with, which frustrated the purpose of the agreements.

20. Beginning in August 2019, B&M began failing to pay Peyson for some of the work and trucks Peyson was providing.

21. Despite repeated attempts to get B&M to pay the full amount due under the *Continuing Subcontract Agreement*, B&M paid little to nothing on the total amount of the past-due invoices.

22. The failure of B&M to pay invoices nearly caused Taiter Capital to stop financing Peyson.

23. At this time, B&M still owes Peyson a total of $606,772.01 for work completed.

24. Upon information and belief, B&M has been paid in full by all companies who received the benefit of Peyson's services.

25. B&M has yet to provide any valid reason for its failure to pay.

### COUNT I: BREACH OF CONTRACT

26. Plaintiff re-asserts and re-alleges all previous allegations as if fully set forth herein.

27. There were valid binding contracts between Peyson and B&M, namely the *Continuing Subcontract Agreement* and the various work orders that were issued over the course of the business relationship.

28. The terms of the contracts were that Peyson would find and provide trucks to B&M for the various work orders and B&M would pay Peyson's invoices which were issued pursuant to the work orders.

29. B&M breached the *Continuing Subcontract Agreement* and the various work orders by failing to pay for the services provided by Peyson.

30. Peyson has been damaged in the total amount of $606,772.01 plus pre-judgment interest, attorneys' fees, and costs.

### COUNT II: CONVERSION

31. Plaintiff re-asserts and re-alleges all previous allegations as if fully set forth herein.

32. Plaintiff had legal title to the funds owed to it under the *Continuing Subcontract Agreement* and the work orders.

33. Plaintiff had the right to possess the funds owed to it under the *Continuing Subcontract Agreement* and the various work orders.

34. Defendant has and continuous to exercise dominion and control over the funds in a manner which is denying Plaintiff its rights to use and enjoy the funds.

35. Plaintiff has made repeated demands for the funds to be delivered, but to no avail.

36. Plaintiff has suffered damages as a result of the conversion.

**WHEREFORE**, Plaintiff prays this Court enter judgment in favor of Plaintiff and against Defendant in the amount of $606,772.01 plus pre-judgment interest, post-judgment interest, attorney's fees and costs, and punitive damages in an amount to be proven at trial, and for such other and further relief as the Court deems just and proper.

**DATED** this 25th day of February, 2020.

**PEYSON TRANSPORT, LLC**,
Plaintiff

BY: _____
Gay Woodhouse, #5-1580
Christopher M. Brennan #7-5529
WOODHOUSE RODEN NETHERCOTT, LLC
1912 Capitol Ave., Suite 500
Cheyenne, WY 82001
(307) 432-9399
*Attorneys for Plaintiff*